**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21968-CIV-SMITH**

RUSLAN REVOVICH YUNUSOV,

Petitioner,

v.

FIELD OFFICE DIRECTOR, *et al*.,

Respondents.
_________________________________/

**ORDER DISMISSING PETITION AS MOOT**

This cause is before the Court on Respondents' joint Motion to Dismiss Petition [DE 15] (the "Motion"). Respondents request that the Court dismiss the Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Amended Petition") [DE 14] filed by Petitioner, Ruslan Revovich Yunusov ("Petitioner"), as moot because Petitioner has been released from detention. Having carefully reviewed the Amended Petition, the Motion, and the record, and being otherwise fully advised in the premises, the Motion is **GRANTED**, and the Amended Petition [DE 14] is **DISMISSED WITHOUT PREJUDICE**.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'. . . . In turn, the 'case or controversy' constraint imposes on federal courts a 'dual limitation' known as 'justiciability,'" a doctrine that "'prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citations omitted); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (same). "The doctrine of mootness derives directly from the case

or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy' . . . 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Soliman*, 296 F.3d at 1242 (citations omitted).

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The "in custody" determination is made at the time the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, an alien detainee files a § 2241 petition requesting release from detention or a bond hearing, his case becomes moot, and the court loses jurisdiction, once he is released from custody. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

Here, Petitioner satisfied the "in custody" requirement when he filed the Amended Petition seeking release from ICE custody. Respondents have since informed the Court that Petitioner has been released. [DE 15 at 1; DE 15-1 at 1]. Because Petitioner has obtained the relief he sought, no live case or controversy remains. Therefore, the Amended Petition must be dismissed as moot. *See Al Najjar*, 273 F.3d at 1336 ("dismissal is required because mootness is jurisdictional"). Accordingly, it is

**ORDERED** that:

1. Respondents' Motion to Dismiss Petition [DE 15] is **GRANTED**.
2. The Amended Petition [DE 14] is **DISMISSED WITHOUT PREJUDICE**.
3. All pending motions are **DENIED as moot**.
4. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of November, 2026.

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**